IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARCHBISHOP JOCITA C. WILLIAMS, PHD.D.D., | ) ) ) | 8:12CV433 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **MEMORANDUM AND ORDER** |
| TIMOTHY R. ERTZ, and FIDELITY NATIONAL TITLE GROUP, | ) ) ) | |
| Defendants. | | |

Plaintiff filed her Complaint in this matter on December 19, 2012. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I.   SUMMARY OF COMPLAINT

Plaintiff filed her Complaint in this matter on December 19, 2012, against Timothy R. Ertz ("Ertz"), and Fidelity National Title Group. (Filing No. 1 at CM/ECF p. 1.) Plaintiff resides in Baton Rouge, Louisiana, Ertz resides in Omaha, Nebraska, and Fidelity National Title Group is a Florida-based company. (*Id*.)

Plaintiff's Complaint is rambling and her claims are difficult to decipher. As best as the court can tell, Plaintiff is upset about the sale or foreclosure of her home located at 1321 Colt Circle, in Castle Rock, Colorado. (*Id*. at CM/ECF pp. 1-4.) Plaintiff alleges that Defendants committed fraud and "criminal acts" during the sale or foreclosure and demands five million dollars in damages. (*Id*. at CM/ECF p. 4.)

### II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff seeks prosecution of Defendants for "criminal acts" taken during the sale or foreclosure of her home. (Filing No. 1.) However, such relief is not available because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *See Mercer v. Lexington Fayette Urban Cnty. Gov't.*, No. 94-6645, 1995 WL 222178, at *1 (6th Cir. Apr. 13, 1995) (unpublished order); *see also Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009) (quoting *United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.")).

In addition, it is unclear from the Complaint whether Plaintiff's home was foreclosed upon or whether it was sold via contract. To the extent Plaintiff alleges Defendants committed fraud in connection with a finalized foreclosure proceeding, her claims are barred under the *Rooker-Feldman* doctrine. This doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *See, e.g., Mickens v. Tenth Judicial Circuit*, 181 Fed. App'x 865, 872-74 (11th Cir. 2006) (concluding *Rooker-Feldman* doctrine barred federal district court's adjudication of pro se property owners' claims against title insurer and construction company for fraud in connection with foreclosure sale of pro se property owners' home, where judgment in favor of property owners in the federal action would have required a finding that the state court determinations were wrong).

However, to the extent Plaintiff is alleging fraud in connection with the sale of her home, Plaintiff may be able to state a claim upon which relief may be granted. *See, e.g., Loveland Essential Group, LLC v. Grommon Farms, Inc.*, 251 P.3d 1109, 1116 (Colo. App. 2010) ("To prevail on a fraud claim, a claimant must prove: (1) the defendant misrepresented a material fact; (2) the defendant knew the representation was false; (3) the claimant did not know the representation was false; (4) the defendant made the misrepresentation intending that the claimant act on it; and (5) damages resulted from the claimant's reliance.") Yet, even when liberally construed, Plaintiff has failed to allege sufficient facts to state a fraud claim against Defendants.

On the court's own motion, Plaintiff shall have until March 22, 2013, to file an amended complaint that sufficiently describes her claims against Defendants. Plaintiff should be mindful to explain whether her home was sold or whether it was foreclosed upon. If Plaintiff elects to file an amended complaint, it shall

restate the allegations in her current Complaint (filing no. 1), and any new allegations.  Failure to consolidate all claims into one document will result in the abandonment of claims.  If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's claims against Defendants will be dismissed without prejudice without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until March 22, 2013, to amend her Complaint and clearly state a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order.  If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendants will be dismissed without further notice.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on March 22, 2013.

4. Plaintiff shall keep the court informed of her current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

DATED this 22nd day of February, 2013.

BY THE COURT:

s/ Joseph F. Bataillon  
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.