IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARCHBISHOP JOCITA C. WILLIAMS, PHD.D.D., | ) ) ) | 8:12CV433 |
| Plaintiff, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| TIMOTHY R. ERTZ, and FIDELITY NATIONAL TITLE GROUP, | ) ) ) | |
| Defendants. | ) ) | |

    This matter is before the court on its own motion. For the reasons discussed below, the court will provide Plaintiff with an opportunity to file a second amended complaint.

## BACKGROUND

    On December 19, 2012, Plaintiff filed her original Complaint in this matter. (Filing No. 1.) Thereafter, the court conducted an initial review of Plaintiff's claims and concluded that Plaintiff had failed to allege sufficient facts to state a claim against the named Defendants. (Filing No. 6.) However, the court gave Plaintiff until March 18, 2013, to file an amended complaint. (Id.)

    On March 22, 2013, Plaintiff filed an Amended Complaint. (Filing No. 7.) In her Amended Complaint, Plaintiff alleges that Vicki Blaggs ("Blaggs"), an Escrow Manager at Ticor Title, was formerly employed by Land America Title Insurance Company ("Land America"). (Id. at CM/ECF p. 4.) During Blaggs' employment with Land America, she acted as Plaintiff's agent during the sale of Plaintiff's home located at 1321 Colt Circle, in Castle Rock, Colorado. (Id.) Plaintiff alleges Blaggs owed Plaintiff various duties and breached those duties by conspiring with Carolyn

Ginsler ("Ginsler"), Vicki Dillard Crow, and Thadus Jackson to commit mortgage fraud. (*Id*. at CM/ECF pp. 2-4.) More specifically, Blaggs allowed Plaintiff's closing check to be forged, failed to follow industry practices and procedures, and gave Plaintiff's money to the buyer's agent, Ginsler. (*Id*.; Filing No. 1 at CM/ECF p. 3.) Plaintiff states that "Land America" is responsible for Blaggs' actions and asks the court to award her monetary damages in the amount of "Five Million Dollars." (Filing No. 7 at CM/ECF p. 4.)

Although Plaintiff arguably asserts claims against Blaggs and Land America, she does not name them as defendants in this matter. (*Id*. at CM/ECF p. 1; Filing No. 1.) Rather, she names Timothy R. Ertz ("Ertz") and Fidelity National Title Group ("Fidelity National Title"). (Filing No. 1.) Plaintiff makes no allegations against Ertz. (Filing Nos. 1 and 7.) However, she does state that the "Five Million Dollars" she requests is not "Fidelity National Title[']s]" money and that "[t]hey have no right to refuse [her] claim." (Filing No. 7 at CM/ECF p. 4.)

## DISCUSSION

Liberally construed, Plaintiff may be trying to allege a negligence claim against Land America. She states that Blaggs was employed by Land America and that Land America is responsible for Blaggs' actions. (*Id*. at CM/ECF pp. 1-4.) However, Plaintiff did not name Land America as a Defendant in this matter, did not describe where Land America is located, and did not clearly describe how much money she lost as a result of Land America's negligence.

Plaintiff may also be trying to allege a breach of contract claim against Fidelity National Title for failing to pay an insurance claim. Indeed, her original Complaint references a claim number "430239." (Filing No. 1 at CM/ECF p. 1.) However,

Plaintiff has not described how Fidelity National Title fits in with the rest of her allegations.[1]

In short, Plaintiff has not alleged sufficient facts to state a claim upon which relief may be granted. Out of an abundance of caution, the court will provide Plaintiff with one more opportunity to file an amended complaint that sufficiently describes her claims against Defendants. Plaintiff should be mindful to clearly identify who she is suing by naming them as a defendant in the caption of the complaint. Plaintiff should also clearly describe where each Defendant resides and why she is suing each Defendant. Plaintiff should also clearly allege how much of her money Blaggs gave to Ginsler. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file a second amended complaint in accordance with this Memorandum and Order, Plaintiff's claims against Defendants will be dismissed without prejudice without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until June 10, 2013, to clearly state a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order. If Plaintiff fails to file a second amended complaint, Plaintiff's claims against Defendants will be dismissed without further notice.

---

[1] As the court previously informed Plaintiff in its February 22, 2013, Memorandum and Order, to the extent she seeks prosecution of Defendants for "criminal acts" taken during the sale of her home, such relief is not available because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." See Mercer v. Lexington Fayette Urban Cnty. Gov't., No. 94-6645, 1995 WL 222178, at *1 (6th Cir. Apr. 13, 1995) (unpublished order); see also Parkhurst v. Tabor, 569 F.3d 861, 867 (8th Cir. 2009) (quoting United States v. Batchelder, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.")).

2.      In the event that Plaintiff files a second amended complaint, Plaintiff shall restate the allegations from her prior Complaints (filing nos. 1 and 7) and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims.

3.      The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on June 10, 2013.

4.      The Clerk of the court is directed to send Plaintiff a copy of the Pro Se Civil Complaint Form.

5.      Plaintiff shall keep the court informed of her current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

DATED this 14th day of May, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.