IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARCHBISHOP JOCITA C. WILLIAMS, PHD.D.D., | ) ) ) | 8:12CV433 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **MEMORANDUM AND ORDER** |
| TIMOTHY R. ERTZ, et al., | ) ) | |
| Defendants. | ) | |

    This matter is before the court on its own motion. For the reasons discussed below, Plaintiff's fraud and negligence claims against Land America Lawyers Title ("Land America"), Vickie Blaggs ("Blaggs"), Carolyn Gensler ("Gensler"), Vicki Dillard Crowe ("Crowe"), and Thadaus Jackson ("Jackson") will be permitted to proceed to service.

**I.     BACKGROUND**

    Plaintiff filed her original Complaint in this matter on December 19, 2012, against Timothy R. Ertz ("Ertz"), and Fidelity National Title Group ("Fidelity National"). (Filing No. 1 at CM/ECF p. 1.) In her original Complaint, Plaintiff asserted that she resides in Baton Rouge, Louisiana, that Ertz resides in Omaha, Nebraska, and that Fidelity National Title Group is a Florida-based company. (*Id*.) On February 22, 2013, the court conducted an initial review of Plaintiff's claims and concluded that Plaintiff had failed to allege sufficient facts to state a claim against the named Defendants. (Filing No. 6.) However, the court gave Plaintiff until March 22, 2013, to file an amended complaint. (*Id*.)

    On March 22, 2013, Plaintiff filed an Amended Complaint. (Filing No. 7.) The court carefully reviewed the Amended Complaint and liberally construed it as an

attempt to allege a negligence claim against Blaggs, who was formerly employed by Land America. (Filing No. 8.) Plaintiff alleged Blaggs owed her various duties and breached those duties by conspiring with Gensler, Crowe, and Jackson to commit mortgage fraud. (*Id.*; Filing No. 7 at CM/ECF pp. 2-4.) However, Plaintiff failed to name Blaggs or Land America as Defendants in her Amended Complaint, did not describe where Land America was located, and did not clearly describe how much money she lost as a result of Blaggs' negligence. (*Id.*)

The court also liberally construed Plaintiff's Amended Complaint as an attempt to assert a breach of contract claim against Fidelity National Title for failing to pay an insurance claim. (Filing No. 8.) However, Plaintiff failed to describe how Fidelity National fit in with the rest of her allegations. (*Id.*) Out of an abundance of caution, the court decided to provide Plaintiff with one more opportunity to file an amended complaint that sufficiently described her claims against Defendants. (*Id.* at CM/ECFP p. 3.) In doing so, the court specifically stated:

> Plaintiff should be mindful to clearly identify who she is suing by naming them as a defendant in the caption of the complaint. Plaintiff should also clearly describe where each Defendant resides and why she is suing each Defendant. Plaintiff should also clearly allege how much of her money Blaggs gave to Ginsler. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file a second amended complaint in accordance with this Memorandum and Order, Plaintiff's claims against Defendants will be dismissed without prejudice and without further notice.

(*Id.* at CM/ECF p. 3.)

On June 11, 2013, Plaintiff filed a Second Amended Complaint. (Filing No. 9.) The court will now review the Second Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

2

## II. REVIEW OF PLAINTIFF'S SECOND AMENDED COMPLAINT

In her Second Amended Complaint, Plaintiff names Ertz, Fidelity National, Land America, Blaggs, Gensler, Keller Williams Realty, Inc., Bobby Barnett, Crowe, TARA Grant Alternative Resources Assistance ("TARA"), and Jackson as Defendants. (Filing No. 9.) Plaintiff is a resident of Baton Rouge, Louisiana and Defendants are residents of or have principal places of business in Colorado and Nebraska. (*Id*. at CM/ECF p. 7.)

Liberally construed, Plaintiff alleges Defendants were part of a "sophisticated fraud ring" that took advantage of her when her home was in "emanate foreclosure." (*Id*. at CM/ECF p. 2.) More specifically, Plaintiff alleges she was forced to sell her home and that Blaggs and Gensler stalled the closing date from November 2005 until January 6, 2006, at which point the home went to foreclosure. (*Id*. at CM/ECF p. 5.) Blaggs and Gensler then gave Plaintiff a check to remove the home from the foreclosure auction and moved toward closing. (*Id*.) On February 15, 2006, Plaintiff states her closing check for $130,000.00 was forged and "given to the buyers." (*Id*.) Plaintiff seeks $5 million in monetary damages for the "crimes" committed against her. (*Id*. at CM/ECF pp. 5-6.)

### 1. *Jurisdiction*

Before the court can address Plaintiff's claims it must determine whether it has jurisdiction to do so. Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff

3

is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Plaintiff has alleged an amount in controversy of $5 million and that her citizenship is different than the citizenship of each Defendant. As a result, complete diversity of citizenship exists. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.")

   2.   *Criminal Charges*

As the court previously informed Plaintiff in its February 22, 2013, Memorandum and Order, and its May 14, 2013, Memorandum and Order, to the extent she seeks prosecution of Defendants for "criminal acts" taken during the sale of her home, such relief is not available because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *See Mercer v. Lexington Fayette Urban Cnty. Gov't*, No. 94-6645, 1995 WL 222178, at *1 (6th Cir. Apr. 13, 1995) (unpublished order); *see also Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009) (quoting *United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."))[1]

---

[1] The court takes judicial notice that "[o]n December 16, 2011, a jury convicted [Vicki Dillard Crowe] of eight counts of mail fraud under 18 U.S.C. § 1341, and eight counts of wire fraud under 18 U.S.C. § 3143, all stemming from a scheme by which Ms. Dillard would obtain mortgage loans based on false representations contained in the loan applications." *United States v. Crowe*, No. 10-cr-00170-MSK, 2012 WL 4815750, at *1 (D. Colo. Oct. 10, 2012). Jackson was also convicted of mail fraud for participating an a fraudulent mortgage loan scheme with her client and later

### 3. *Plaintiff's Claims Against Barnett and Ertz & Fidelity National Title*

Plaintiff's Second Amended Complaint names Barnett, Keller Williams Realty, Inc., and TARA as Defendants. However, Plaintiff has failed to describe how these Defendants were involved in, or directly responsible for, the conduct leading to her claims. (*See* Filing No. 9 at CM/ECF pp. 1-10.) Consequently, Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against Barnett, Keller Williams Realty, Inc., and TARA. *See Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (concluding that a complaint was properly dismissed because plaintiff failed to allege facts supporting any individual defendant's personal involvement or responsibility for violations); *see also Ashcroft*, 129 S. Ct. at 1950 (stating that a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged).

Plaintiff also names Ertz and Fidelity National as Defendants, but Plaintiff's claims against Ertz and Fidelity National are difficult to understand. Plaintiff alleges that Ertz "obstructed justice" because he went out of his way to prevent her from collecting on a $950,000 "claim that has been proven." (Filing No. 9 at CM/ECF p. 5.) The court liberally construes Plaintiff's use of the term "claim" to mean a claim on an insurance policy. However, Plaintiff does not allege that she was the owner or beneficiary of such a policy. Plaintiff also alleges that Fidelity National is liable for Land America's alleged negligence because Fidelity National "purchased" Land America. (*Id*. at CM/ECF p. 4.) Stated another way, Plaintiff names Fidelity National because of the actions of a subsidiary, Land America. "As a general rule, two separate corporations are regarded as distinct legal entities even if the stock of

---

employee, Crowe. *United States v. Jackson*, 459 Fed. App'x 747, 2012 WL 560751, at *1 (10th Cir. Feb. 22, 2012).

one is owned wholly or partly of the other. So a parent corporation is not liable for the acts of its subsidiary merely because of stock ownership." *Roos v. KFS BD, Inc., 799 N.W.2d 43, 50 (Neb. 2010)*. Plaintiff has not alleged that Fidelity National was negligent, nor has she alleged circumstances showing that Fidelity National should be liable for the acts of Land America. In short, Plaintiff has also failed to allege sufficient facts to state a claim against Ertz or Fidelity National.

### 4. *Plaintiff's Remaining Claims*

Liberally construed, Plaintiff alleges state law claims such as fraud and negligence against Blaggs, Gensler, Crowe, and Jackson. (Filing No. 9.) In addition, Plaintiff alleges Land America owed her various duties, violated those duties, and made it possible for her to be victimized by the negligence and fraud of its "authorized agents" during Plaintiff's real estate closing. (*Id*. at CM/ECF pp. 3-4.) Although the court questions the agency relationship alleged by Plaintiff, she has asserted enough to proceed at this stage of the proceedings. However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Second Amended Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto. Accordingly,

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Timothy R. Ertz, Fidelity National Title Group, Keller Williams Realty, Inc., Bobby Barnett, and TARA Grant Alternative Resources Assistance are dismissed without prejudice.

2. Plaintiff's state law fraud and negligence claims against Land America Lawyers Title, Vickie Blaggs, Carolyn Gensler, Vicki Dillard Crowe, and Thadaus Jackson may proceed to service.

3. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send FIVE summons forms and FIVE USM-285 forms to Plaintiff, together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

4. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint and Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Federal Rule of Civil Procedure 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so.

5. [Federal Rule of Civil Procedure 4](#) requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

6. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

7. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "December 11, 2013: Check for completion of service of summons."

8. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 15th day of August, 2013.

                              BY THE COURT:

                              s/ Joseph F. Bataillon
                              United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.