IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

**ARCHBISHOP JOCITA C. WILLIAMS, PHD.D.D.,**

    **Plaintiff,**

vs.

**LAND AMERICA LAWYER TITLE, DOES, et al.,**

    **Defendants.**

**8:12CV433**

**ORDER**

    This matter is before the court on the plaintiff's response (Filing No. 13) to the court's December 24, 2013, show cause order (Filing No. 12).

    In this case the complaint was filed on December 19, 2012.  **See** Filing No. 1.  The court allowed the plaintiff leave to amend her complaint, which she did on March 22, 2013.  **See** Filing No. 7.  The court required the plaintiff to again amend her complaint, which she did on June 11, 2013.  **See** Filing No. 9.  On August 15, 2013, the court dismissed several of the defendants and gave the plaintiff permission to go forward with her June 11, 2013, amended complaint and serve five defendants.  **See** Filing No. 10.  The court warned the plaintiff the Federal Rule of Civil Procedure 4(m) establishes a 120-day time limitation for service of process on any defendant in a civil.  ***Id.*** at 7.  The court specifically warned the plaintiff that failure to obtain service of process on any defendant within 120 days from the date of the order may result in dismissal as to the unserved defendant.  ***Id.***  In accordance with the order, the Clerk of Court provided the plaintiff with the necessary summonses and forms.  ***Id.***  Also in accordance with the court's August 15, 2013, order, the deadline for service of process expired on or about December 13, 2013.  No defendant entered an appearance or filed an answer in this matter by that deadline.  Moreover, the plaintiff initiated no other action in this matter, by for example seeking the court issue and serve summonses as outlined for her in the court's August 15, 2013, order.

    On August 16, 2013, although District Judge Bataillon remains assigned to this case, the court assigned Magistrate Judge Thalken to handle the scheduling and non-dispositive case matters in accordance with this court's local rules and applicable

federal rules.  **See** General Rules of the United States Court for the District of Nebraska (Nebraska General Rules) NEGenR 1.4(a); Civil Rules of the United States Court for the District of Nebraska (Nebraska Civil Rules) NECivR 72.1; **see also** 28 U.S.C. § 636.  Based on the record, on December 24, 2013, the court entered an order requiring the plaintiff to file proof she had served summonses on the defendants or show good cause for failing to timely serve the defendants.  On January 9, 2014, the plaintiff filed a response to the show cause order.  **See** Filing No. 13.  The plaintiff indicates she thought she had until December 31, 2013, to return the summonses.  *Id.*  The plaintiff, who is proceeding pro se, also indicates her confusion about the procedural rules and limitations caused delay.  *Id.*  The plaintiff attached five summonses forms to her response.

"[P]arties who proceed pro se are bound by and must comply with all local and federal procedural rules."  NEGenR 1.3(g) (a copy of the rules may be found at www.ned.uscourts.gov/attorney/local-rules).  Moreover, "[t]he plaintiff is responsible for completing a summons and arranging service.  The clerk is authorized to sign orders specially appointing persons to serve process.  The clerk is authorized to sign, seal, and issue summonses and subpoenas electronically."  NECivR 4.1.  In this case, the plaintiff was granted leave to proceed in forma pauperis (Filing No. 3), alleviating her from the duty to serve the summonses.  **See** Filing No. 10.  In fact, the court's August 15, 2013, order clearly stated the plaintiff was responsible for filling out the summonses forms and returning them to the Clerk of Court "as soon as possible" so the U.S. Marshal would have time to complete service by December 13, 2013.  *Id.*  Nevertheless, the court will construe the plaintiff's response as a motion for an extension of time to serve the defendants.  The court will allow the plaintiff an extension of time to serve the defendants, however the court is not responsible for completing the summonses forms.  The Clerk of Court will issue the summonses requested by the plaintiff, if possible.  To the extent the Clerk of Court does not have sufficient information to process the summonses forms, they will be returned to the plaintiff.  The Clerk of Court is not responsible for completing the summonses forms or supplying missing information.  **See** ***Gray v. Rose***, 2:08CV251, 2009 WL 2132623, at *3 (S.D. Ohio July 10, 2009) ("The fact that this defendant could not be effectively served with process at that address is

chargeable to plaintiff, not to either the Clerk or the Marshal."); **see also** *Gustaff v. MT Ultimate Healthcare*, 06CV5496, 2007 WL 2028103, at *3 (E.D.N.Y. June 21, 2007) ("The United States Marshals Service cannot investigate defendant's whereabouts, nor can the court. That is Plaintiff's responsibility."). Where a pro se plaintiff fails to provide the Marshals with accurate and sufficient information to effect service of the summons and complaint, the court may, sua sponte, dismiss any unserved defendants. **See, e.g.**, *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994), abrogated in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995). The plaintiff may review the instructions for filling out the summons form at http://www.ned.uscourts.gov/forms. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff is granted an extension of time until **April 18, 2014**, to complete service of process. Failure to complete service may result in the court dismissing the plaintiff's claims without further notice.

2. The Clerk of Court shall review the summonses forms attached to the plaintiff's January 9, 2014, response as the plaintiff's request to issue summonses. The Clerk of Court shall issue summonses to the extent possible. Otherwise, the Clerk of Court may return the documents with additional blank forms to the plaintiff for completion.

3. The Clerk of Court shall mail a copy of this order to the plaintiff at:

> Jocita C. Williams
> 6221 Gabriel Oaks Drive
> Baton Rouge, LA 70820

Dated this 16th day of January, 2014.

> BY THE COURT:
>
> s/ Thomas D. Thalken
> United States Magistrate Judge