IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARCHBISHOP JOCITA C. WILLIAMS, PHD.D.D., <br><br>         Plaintiff, <br><br>     vs. <br><br> LAND AMERICA LAWYERS TITLE, DOES, et al., <br><br>         Defendants. | 8:12CV433 <br><br> ORDER and <br> FINDINGS AND <br> RECOMMENDATION |

This matter is before the court sua sponte. On December 24, 2013, the undersigned magistrate judge entered an order requiring the plaintiff to show cause why her action against the defendants should not be dismissed pursuant to NECivR 41.2 for failure to prosecute. **See** Filing No. 12. The plaintiff responded by seeking additional time to serve the defendants. **See** Filing No. 13. On January 16, 2014, the court allowed the plaintiff an extension of time until April 18, 2014, to complete service of process. **See** Filing No. 14.

In this case the complaint was filed on December 19, 2012. **See** Filing No. 1. The court allowed the plaintiff leave to amend her complaint, which she did on March 22, 2013. **See** Filing No. 7. The court required the plaintiff to again amend her complaint, which she did on June 11, 2013. **See** Filing No. 9. On August 15, 2013, the court dismissed several of the defendants and gave the plaintiff permission to go forward with her June 11, 2013, amended complaint and serve five defendants. **See** Filing No. 10. The Clerk of Court provided the plaintiff with the necessary summonses and forms. *Id.*

In January the Clerk of Court issued some of the summonses requested by the plaintiff, however the proposed summonses for two of the defendants were returned to the plaintiff because they did not have addresses. **See** Filing No. 15. On March 14, 2014, the Clerk of Court received the three issued summonses returned unexecuted. **See** Filing Nos. 16-18. The documents note the server from the U.S. Marshal's office was unable to serve them due to "insufficient paperwork," which deficiency was not remedied by the plaintiff after inquiry. *Id.*

The plaintiff has not filed any additional documents with the court. No defendant has entered an appearance or filed an answer in this matter. The plaintiff has initiated no other action in this matter. There is no evidence in the record the plaintiff served process

on any of the defendants. The court warned the plaintiff that failure to complete service may result in the court dismissing the plaintiff's claims without further notice.

## ANALYSIS

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

**See** Fed. R. Civ. P. 4(m). The Eighth Circuit has long held dismissal for failure to prosecute is well within the court's discretion. **See** *Roberts v. Missouri Div. Of Employment*, 636 F.2d 249, 250 (8th Cir. 1980). Dismissal without prejudice is appropriate when service of the summons and complaint has not been made upon the defendant within 120 days after filing of the complaint. **See** Fed. R. Civ. P. 4(m); *Bullock v. United States*, 160 F.3d 441, 442 (8th Cir. 1998) (per curiam) (affirming district court's dismissal without prejudice under Rule 4(m)); **see also** *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) (dismissal affirmed where plaintiff given opportunity, failed to cure defect).

Despite proceeding pro se, it remains the plaintiff's duty to go forward in prosecuting the case. Pursuant to NECivR 41.2: "At any time, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution." Further, Fed. R. Civ. P. 4(m) establishes a 120-day time limit for service of process on the defendant in a civil case, absent a showing of good cause. The court allowed the plaintiff additional time to make a showing of good cause for the failure of timely service on the defendants or show cause why the action should not be dismissed against such defendants. The plaintiff's deadline to serve process was extended by over ninety days. **See** Filing No. 14. The deadline for service of process expired. The plaintiff's failure to prosecute his claims subjects the plaintiff to dismissal of the complaint. **See** NECivR 41.2. Similarly, the plaintiff's failure to comply with this court's order subjects the plaintiff to dismissal of the complaint.

The Eighth Circuit explained the court's discretion to dismiss for failure to prosecute as follows:

2

> The Federal Rules of Civil Procedure permit dismissal with prejudice "[f]or failure of a plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). Despite the breadth of this language, however, we have recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay. This does not mean that the district court must find that the appellant acted in bad faith, but requires "only that he acted intentionally as opposed to accidentally or involuntarily."

***Hunt v. City of Minneapolis***, 203 F.3d 524, 527 (8th Cir. 2000) (citations omitted). The Eighth Circuit continued, noting the district court did not err in dismissing the action with prejudice after finding the plaintiff had "engaged in a persistent pattern of intentional delay by willfully disregarding court orders and violating the Federal Rules." ***Hunt***, 203 F.3d at 527-28. However, the Eighth Circuit has also noted "[d]ismissal with prejudice is an extreme sanction and should be used only in cases of wilful disobedience of a court order or . . . persistent failure to prosecute a complaint." ***In re Popkin & Stern***, 196 F.3d 933, 938 (8th Cir. 1999) (citations omitted); **see *Siems v. City of Minneapolis***, 560 F.3d 824, 826 (8th Cir. 2009). The court must initially consider "the egregiousness of the plaintiff's conduct" and, secondarily, "the adverse affect of the plaintiff's conduct on the defendant and on the administration of justice." ***Otis v. Knudsen***, No. 05-489, 2008 WL 4949157, at *3 (D. Minn. Nov. 17, 2008) (**quoting** *Wright v. Sargent*, 869 F.2d 1175, 1176 (8th Cir. 1989)).

In this case, the plaintiff has failed to comply with the court order requiring her to serve the defendants. The plaintiff has failed to maintain communication with the court. The plaintiff's lack of responsiveness interferes with the orderly processes of this court. Such failure has already contributed to a delay in progressing this case to resolution. The plaintiff's deadline to serve process extended by over ninety days at her request, but she has not been diligent in accomplishing service. **See** Filing No. 14. The deadline for service of process expired.

Federal Rule of Civil Procedure 16(f) authorizes sanctions "[i]f a party . . . (a) fails to appear at a scheduling or other pretrial conference; . . . or (c) fails to obey a scheduling or other pretrial order." In such circumstances, "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)" for sanctions. Additionally,

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable

3

> expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2). Similarly, Fed. R. Civ. P. 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

The plaintiff failed to comply with the court's order. The plaintiff has acted in a manner that interferes with the orderly processes of this court. Further, the undersigned magistrate judge finds the plaintiff's failure to comply with the court's orders interferes with the orderly administration of justice. Upon consideration,

**IT IS ORDERED:**

The Clerk of Court shall mail a copy of this order to the plaintiff: Jocita C. Williams, 6221 Gabriel Oaks Drive, Baton Rouge, LA 70820.

**IT IS RECOMMENDED TO DISTRICT JUDGE JOSEPH F. BATAILLON that:**

The plaintiff's amended complaint (Filing No. 9) be dismissed as to the defendants, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), NECivR 41.2, Fed. R. Civ. P. 37.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 9th day of May, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge